**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ZACKERY J. ASKINS,<br><br>Plaintiff,<br><br>v.<br><br>GEICO INSURANCE AGENCY LLC.,<br>an AGENT for ASSURANT<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-756-SLP |

# **O R D E R**

Before the Court is Plaintiff's Motion Requesting Marhsal's [sic] to Serve Summons. [Doc. No. 14]. For the reasons set forth below, the Motion is DENIED.

Plaintiff filed his Complaint on April 9, 2026. *See* Compl. [Doc. No. 1]. On July 16, 2026, Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. [Doc. No. 9]. On October 23, 2026, Plaintiff filed his Motion Requesting Marhsal's [sic] to Serve Summons [Doc. No. 14] as well as his Pro Se Litigant's Request for Issuance of Summons [Doc. No. 15]. However, Plaintiff failed to provide an address for the Defendant, rendering the United States Marshalls unable to serve the summons. *See Id.* Federal Rule of Civil Procedure 4(m) provides that:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In this case, over six (6) months have passed since Plaintiff filed his Complaint, which named Geico Insurance Agency LLC as the defendant. [Doc. No. 1].

The deadline for service of Geico has long since expired. Fed. R. Civ. P. 4(m). And "the prosecution of this lawsuit, including service on Defendant, is ultimately Plaintiff's responsibility." *Pinkerton v. Patterson*, No. 19-CV-02014-KMT, 2020 WL 13837890, *2 (D. Colo. Dec. 3, 2020), *report and recommendation adopted*, No. 119CV02014DDDKMT, 2021 WL 11685501 (D. Colo. Jan. 6, 2021) (*citing Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1113) (10th Cir. 2007)) ("It is the Plaintiff's responsibility to provide the United States Marshal with the address of the person to be served[.]").

Nevertheless, The Court may "order that service be made within a specified time" instead of dismissing Plaintiff's claim. Fed. R. Civ. P. 4(m). In considering whether to grant a discretionary extension of service time, the Court considers whether a statute of limitations would bar any refiled action, whether service is complex, whether the plaintiff is proceeding pro se and, if so, whether delay was caused by resolution of an *in forma pauperis* petition. *See Espinoza v. United States*, 52 F.3d 838, 842 & n.8 (10th Cir. 1995). The dates included in the Complaint indicate that a dismissal without prejudice might negatively affect Plaintiff's ability to refile within the statute of limitations. And Plaintiff is proceeding pro se. And while the nature of service for the defendant is not unusually complex, Plaintiff is a prisoner appearing pro se and has had difficulty sending and receiving legal mail. *See* [Doc. No. 10]; *see also* [Doc. No. 12]. Additionally, Plaintiff was not granted leave to proceed *in forma pauperis* until July 16, 2026, three (3) months after his Complaint was filed. Taking these factors into consideration, the Court determines that a 60-day extension of time for service should be granted to Plaintiff.

IT IS THEREFORE ORDERED that Plaintiff's Motion Requesting Marhsal's [sic] to Serve Summons [Doc. No. 14] is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall complete service of process on the remaining Defendant pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules of this Court within 60 days of this Order. If Plaintiff does not complete service *and* file proof of service within 60 days, his claims against Geico will be dismissed without prejudice.

IT IS SO ORDERED this 4th day of November, 2026.

Scott L. Palk

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**